1301UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER ANN SMITH,

                            Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,[1]

                            Defendant.
_____

**DECISION AND ORDER**

1:17-cv-01301-JJM

        Before the court is plaintiff's motion [21][2] for attorneys' fees in the amount of $14,149.29 pursuant to 42 U.S.C. §406(b). Defendant filed a response on July 7, 2020 [24]. While raising no specific objections to plaintiff's fee request, defendant requests that the court determine the timeliness of plaintiff's motion and the reasonableness of the fee requested. Defendant's Response [24], p. 5. Plaintiff filed a reply [25] on July 25, 2020. For the reasons discussed below, the plaintiff's motion is granted.

## BACKGROUND

        Plaintiff commenced this action on December 14, 2017, arguing that the Commissioner's denial of her claim for benefits was not supported by substantial evidence and was contrary to law. Complaint [1]. On June 29, 2018, plaintiff moved for judgment on the pleadings [9]. On June 20, 2019, I granted plaintiff's motion for judgment on the pleadings and remanded the case to the Commissioner for further proceedings consistent with my Decision and

---

[1]     Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. *See* Fed. R. Civ. P. ("Rule") 25(d).
[2]     Bracketed references are to CM/ECF docket entries.

Order [14].  On October 9, 2019, the court approved [20] the parties' stipulation [19] for attorneys' fees in the amount of $6,220.81 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.

On April 23, 2020, an Administrative Law Judge ("ALJ") issued a decision finding plaintiff disabled since October 29, 2013 and approving plaintiff's claim for Supplemental Security Income ("SSI") benefits.  See Notice of Decision and Decision [21-3].  The fee arrangement between plaintiff and her attorneys is governed by their Fee Agreement.  See [21-6]. Pursuant to the Fee Agreement, "the attorney fee will be ¼ (25 percent) of the past due benefits resulting from my claim".  Id.

The Social Security Administration ("SSA") issued a Notice of Award concerning plaintiff's claim for SSI on June 12, 2020 and awarded plaintiff past-due benefits in the total amount of $56,597.16.  [21-4], p. 2.  Although the Notice of Award does not state that the SSA withheld potential attorneys' fees from the past-due benefits, plaintiff's attorney presumes that the SSA withheld 25%, or $14,149.29, to pay attorney fees.  Gill Declaration [21-1], p. 2.  The Commissioner asserts that the SSA did, in fact, withhold that amount.  Defendant's Response [24], p. 2.  Plaintiff's attorney requests an award of fees in the amount of $14,149.29.  See Notice of Motion [21].  Further, although plaintiff received an award of $6,220.81 in fees pursuant to the EAJA (see Decision and Order [20]), plaintiff's attorney did not receive those fees, as they were offset to pay federal debts owed by plaintiff.  See Gill Declaration [21-1], pp. 2-3; Department of Treasury correspondence [21-5] allocating $6,220.81 to federal debts.

The Commissioner makes no specific objection to the timeliness of plaintiff's motion or the amount of fees requested.  See [24], pp. 2-4.  Lastly, the Commissioner recognizes that there is "no evidence of fraud or overreaching".  Id., p. 4.

## ANALYSIS

42 U.S.C. §406(b) limits the fees that attorneys are permitted to charge SSD and SSI claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§406(b)(1)(A). In reviewing a motion for attorneys' fees pursuant to §406(b), this court reviews both the timeliness of the motion and the reasonableness of the fee. *See, e.g.*, Barone v. Saul, 2019 WL 3296616, *1 (W.D.N.Y. 2019); Walkowiak v. Commissioner of Social Security, 2019 WL 6242549, *1-2 (W.D.N.Y. 2019); Dillon v. Saul, 2020 WL 360966, *1 (W.D.N.Y. 2020); Plum v. Commissioner of Social Security, 2020 WL 1846785, *2-3 (W.D.N.Y. 2020). I address each here in turn.

**A.     Did Plaintiff Timely File Her Motion for Fees?**

The Second Circuit settled the question of the timeliness of an application for §406(b) fees in Sinkler v. Berryhill, 932 F.3d 83 (2d Cir. 2019). There, the Second Circuit found that the fourteen-day limitations period of Rule 54(d)(2)(B) applies to such motions, but is subject to equitable tolling "until a benefits calculation is made on remand and notice thereof received by the parties." Id. at 89. Accordingly, motions for benefits made within seventeen

days (fourteen days under Rule 54(d)(2)(B), plus three days for mailing)[3] of receipt of a Notice of Award for benefits are timely.

Here, plaintiff's counsel filed her motion for fees on June 29, 2020 (*see* Notice of Motion [21]), seventeen days after the SSA issued its June 12, 2020 Notice of Award (*see* Notice of Award [21-4]). Accordingly, plaintiff's counsel timely filed her motion pursuant to Sinkler.

**B.      Is Plaintiff's Fee Request Reasonable?**

Here, the Fee Agreement between plaintiff and her attorneys provides for an attorneys' fee of "1/4 (25 percent) of the past due benefits resulting from my claim". Fee Agreement [21-6]. The 25 percent fee is within the cap provided by §406(b).

That is not the end of the inquiry, however. Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). To determine the reasonableness of a contingent fee, the Supreme Court identified several factors that a court may consider. First, courts may consider "the character of the representation and the results the representative achieved." Id. Second, a downward adjustment of the requested fee may be appropriate if the attorney was responsible for a delay that resulted in an accumulation of additional benefits during pendency of the case. Id. Third, the court's review of an attorneys' records of time spent on the matter may assist the court to determine whether the requested fee is a windfall to the attorney. Id. In addition, the Second Circuit states that courts in this district should also consider "whether there has been

---

[3] *See* Sinkler, 932 F.3d at 89, n. 5 ("[n]othing in this opinion departs from the law's presumption that a party receives communications three days after mailing").

fraud or overreaching in making the agreement". Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

Here, plaintiff received competent and experienced representation. Plaintiff's attorney of record, Mary Ellen Gill, has been practicing law since 2007. Gill Declaration [21-1], p. 1. Ms. Gill has focused on social security matters since 2017. Id., p. 2. Prior to that time, her work history included a clerkship with the Honorable Michael A. Telesca, during which she assisted in reviewing and drafting decisions and orders on social security appeals before the court. Id., p. 1. Ms. Gill's work on this matter yielded an award of past due benefits of $56,597.16. Id., pp. 2-3.

Second, there was no delay in resolution of this matter attributable to plaintiff's attorney. She filed plaintiff's motion for judgment on the pleadings within the time permitted by the court's rules. Rule 5.5(d)(1) of the Local Rules of Civil Procedure of this court, entitled "Procedures in Social Security Cases", instructs plaintiffs to "serve and file a brief on the merits within sixty (60) days of the date on which the defendant files the certified transcript of administrative proceedings". L.R. 5.5. Defendant filed the transcript [7] on May 15, 2018. Plaintiff's attorney filed plaintiff's motion [9] only forty-five days later, on June 29, 2018. Moreover, plaintiff's attorneys timely submitted this application for fees.

Third, compared to the number of hours spent working on this matter, the fee requested by plaintiff's attorney is not a windfall. Time records submitted with the motion indicate a total of 32.4 hours of attorney time was spent on plaintiff's matter. *See* Gill Declaration [21-1], p. 3; *see also* Memorandum in Support [21-2], p. 6. The total fee requested results in an effective hourly rate of $436.71.[4] Memorandum in Support [21-2], p. 6. This

---

[4]   The effective hourly rate was calculated by dividing the requested fee ($14,149.29) ([21]) by the total number of hours (32.4) documented in plaintiff's fee application ([21-1], p. 3).

hourly rate is higher than Ms. Gill's $300 hourly rate charged for non-contingent matters. Gill Declaration [21-1], p. 4. However, this does not make the requested fee unreasonable. "[E]nhancements for the risk of nonpayment are appropriate considerations in determining §406(b) fees. . . . In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 370-71.

Moreover, the effective hourly rate here is well within the range of *de facto* hourly rates resulting from similar social security contingent fee requests recently approved by courts in this district. *See e.g.* Dillon, 2020 WL 360966 at *3 (finding a *de facto* hourly rate of $697.20 "does not appear so large as to be a windfall to the attorney"); Plum, 2020 WL 1846785 at *5 (limiting counsel's fee to an effective hourly rate of $750 per hour to reasonably compensate the attorney and avoid a windfall); Perry v. Commissioner of Social Security, 2020 WL 360979, *5 (W.D.N.Y. 2020) (finding reasonable an effective hourly rate of $740.02).

Lastly, as conceded by the Commissioner, there is no evidence of fraud or overreaching.

## CONCLUSION

For these reasons, plaintiff's motion for fees in the amount of $14,149.29 pursuant to 42 U.S.C. §406(b) is granted. The Commissioner is directed to release these funds. Because plaintiff's counsel never received attorneys' fees pursuant to the EAJA, she is not directed to return them.

**SO ORDERED.**

Dated: September 10, 2020

    /s/ Jeremiah J. McCarthy
    JEREMIAH J. MCCARTHY
    United States Magistrate Judge